FILED & JUDGMENT ENTERED
David E. Weich

Dec 04 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **GEORGE W. LEE** ) | Case No. 06-31070 |
| **VIVIAN ENGLISH LEE,** ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| **GEORGE W. LEE** ) | Adv. Proc. 06-3266 |
| **VIVIAN ENGLISH LEE,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **SOUTHSTAR FUNDING, LLC d/b/a** ) | |
| **CAPITAL HOME MORTGAGE; SELECT** ) | |
| **PORTFOLIO SERVICING, INC.;** ) | |
| **BANK OF NEW YORK, as TRUSTEE** ) | |
| **FOR THE HOLDERS OF THE EQCC** ) | |
| **ASSET BASED CERTIFICATES,** ) | |
| **SERIES 2001-2,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER GRANTING MOTIONS TO DISMISS**

This matter is before the court on the Motions to Dismiss of Southstar Funding, LLC d/b/a Capital Home Mortgage ("Southstar"), Select Portfolio Servicing, Inc. ("Select

Portfolio"), and Bank of New York, as Trustee for the holders of the EQCC Asset Based Certificates, Series 2001-2 ("Bank of New York") and the plaintiffs' response thereto. After consideration of the pleadings and the arguments of counsel, the court concludes that the defendants' Motions to Dismiss should be granted on the basis that the relevant statutes of limitations are a bar to the plaintiffs' claims.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On July 10, 2000, the plaintiffs obtained a loan from Southstar in the amount of $105,000.00, secured by a first mortgage on their residence. The mortgage loan refinanced a prior mortgage on the plaintiffs' home.

2. In connection with the mortgage loan transaction, Southstar charged and collected the following fees from the plaintiffs, which are reflected on the U.S. Department of Housing and Urban Development Settlement Statement:

| | |
|---|---|
| **Loan Origination Fee** | **$4,212** |
| **Loan Discount Fee** | **$1,053** |
| **Administrative Fee** | **$495** |
| **Flood Certification** | **$25** |
| **Appraisal Review** | **$100** |

These fees were financed within the mortgage loan.

3. Southstar assigned the mortgage loan to Bank of New York, who is the current owner of the note and deed of trust executed in July 2000 by the plaintiffs. Select Portfolio is

the agent for Bank of New York and servicer of the note and deed of trust.

4. The plaintiffs filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on July 7, 2006, and commenced this adversary proceeding on October 3, 2006.

5. In their Complaint, the plaintiffs allege that Southstar violated North Carolina usury laws N.C. Gen. Stat. §§ 24-1.1E and 24-10.2(g) at the time it originated the loan to the plaintiffs by (a) closing the loan without the plaintiffs having obtained the necessary counseling on the advisability and appropriateness of the loan transaction; (b) financing certain fees in connection with the closing of the loan; and (c) engaging in the practice of "flipping".  Plaintiffs assert that these acts constitute unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.  Plaintiffs contend that Bank of New York is liable on these same claims because it "collected usurious interest," and they argue that Bank of New York and Select Portfolio are liable for reformation of the loan terms. Finally, plaintiffs assert claims against all three Defendants for recoupment.

6. The defendants argue that plaintiffs' claims are barred by the applicable statutes of limitation and are, therefore, subject to dismissal pursuant to Rule 12(b)(6). Pursuant to N.C. Gen. Stat. § 1-53(2) and (3), claims for usury

are subject to a two-year statute of limitations. Claims for violations of Chapter 75 are subject to a four-year statute of limitations under N.C. Gen. Stat. § 75-16.2. The actions which are the subject of plaintiffs' Complaint occurred on July 10, 2000, while the plaintiffs did not file their Complaint until six years later on October 3, 2006. Thus, it would appear from the face of the Complaint that plaintiffs' claims are barred by the applicable statutes of limitation.

7. The plaintiffs argue that their right of recovery under the usury statute accrues upon each payment of usurious interest rather than at the date of the origination of the loan. Therefore, the statute of limitations expires two years from each payment of usurious interest. The court is intrigued by plaintiffs' argument and sympathetic to their position. However, it is contrary to existing precedent which, although technically not binding, the court finds persuasive.

8. In <u>Faircloth v. Nat'l Home Loan Corp.</u>, 313 F. Supp. 2d. 544 (M.D.N.C. 2003), *aff'd*, 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished), the plaintiff obtained a loan secured by a second mortgage on July 8, 1997. The originator of the loan charged the plaintiff $3,284.50 in fees and costs at the loan closing and rolled them into the loan. On November 26, 2001, over four years after the loan closed, the plaintiff filed suit against the loan originator, National, and other financial

institutions, alleging the defendants violated the North Carolina usury laws, N.C. Gen. Stat. § 24-1 *et seq.* by charging usurious fees and costs. The plaintiff also alleged violations of N.C. Gen. Stat. § 75-1 *et seq*. See <u>Faircloth</u>, 313 F. Supp. 2d at 548. The District Court held that the plaintiff's usury claims were time-barred under N.C. Gen. Stat. § 1-53(2), 1-53(3) because the plaintiff filed her complaint four years after she was allegedly charged usurious fees and costs. See <u>id.</u> at 553.

9. Just as the plaintiffs argue in this case, the plaintiff in <u>Faircloth</u> asserted that the statute of limitations accrued upon each payment made rather than at the loan closing date because the loan originator rolled the fees and costs into the loan. See <u>id.</u> at 552. The Court responded by quoting <u>Miller v. Pac. Shore Funding</u>, 224 F. Supp. 2d 977, 990 (D. Md. 2002), in which the District Court in Maryland noted that "'[t]he apparently punctuated charging, receipt, and collection [of fees] are no more than the lingering, ongoing, continuing aspects of a unitary action initiated more than three years ago [at the closing of the loan].'" See <u>id.</u>. The Maryland court also observed that "'the alleged statutory violation, though continuing, is solitary . . .' and that a solitary action is 'distinguishable [from] wrongs that are perpetrated seriatim.'" See <u>id.</u> at 552-553.

5

10. Relying on the reasoning in Miller, the District Court in Faircloth held that plaintiff's usury claims were time barred because the statute of limitations began to run on the date of closing — the date on which the plaintiff was allegedly charged illegal fees and costs — because that was the date on which the plaintiff became aware of the alleged wrongdoing. See id. at 553. Similarly, the District Court held that the plaintiff's claims under Chapter 75 of the North Carolina General Statutes were also time-barred because the plaintiff "'should have discovered'" that she might have a claim under the Unfair and Deceptive Trade Practices Act on the date of closing, which had occurred more than four years ago. See id. at 554. The Fourth Circuit Court of Appeals affirmed the District Court's rulings on appeal. See 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished).

11. The North Carolina Court of Appeals considered this same issue in Shepard v. Ocwen Federal Bank, FSB, 172 N.C. App. 475, 617 S.E.2d 61 (2005), and relied upon the analysis in Faircloth in holding that the loan closing date was the date plaintiffs' usury claim accrued. See also Skinner v. Preferred Credit, 172 N.C. App. 407, 616 S.E.2d 676 (2005) (holding that the statute of limitations on plaintiffs' claims for usury violations and unfair and deceptive trade practices accrued on the date of closing).

12. This court agrees with the analysis in the above-cited cases and holds that July 10, 2000, the loan closing date, was the date on which the plaintiffs' claims accrued under the usury statutes and the Unfair and Deceptive Trade Practices Act. Because the plaintiffs did not file their Complaint until six years later, these claims are barred under the applicable statutes of limitation.

13. Having dismissed all of the plaintiffs' other claims, the court must also dismiss the plaintiffs' claim for recoupment as it is in the nature of a defense and not an affirmative claim for relief. See Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-701 (1935) (holding that the defense of recoupment is "never barred by the statute of limitations so long as the main action itself is timely"); see also In re Al-Jiboury, 344 B.R. 218, 227 (Bankr. D. Mass. 2006) (observing that "[r]ecoupment is a defensive mechanism, which does not seek affirmative relief but merely seeks to reduce the claim by the entity who seeks recoupment").

It is therefore **ORDERED** that:

1. The Motion to Dismiss of Select Portfolio and Bank of New York is hereby GRANTED;

2. The Motion to Dismiss of Southstar Funding is GRANTED; and

7

3. Plaintiffs' Complaint against defendants Southstar, Select Portfolio, and Bank of New York is DISMISSED.

**This Order has been signed electronically.    United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**