FILED & JUDGMENT ENTERED
David E. Weich

Jan 23 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> George W. and Vivian English Lee ) <br>     Debtors ) <br> _____ ) <br> ) <br> George W. and Vivian English Lee ) <br>     Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> Southstar Funding, LLC d/b/a ) <br> Capital Home Mortgage; Select Portfolio ) <br> Servicing, Inc; Bank of New York, as ) <br> Trustee for the holders of the EQCC ) <br> Asset Based Certificates, Series 2001-2 ) <br> ) <br>     Defendants ) | Case No. 06-31070 <br><br> Chapter 13 <br><br><br> Adv. Proc. No. 06-03266 |

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING
MOTION TO DISMISS DEFENDANTS SELECT PORTFOLIO SERVICING AND
<u>BANK OF NEW YORK</u>**

    This matter came on for hearing on January 10, 2007 on Plaintiffs' Motion to Reconsider

Order Granting Motion to Dismiss Defendants Select Portfolio Servicing and Bank of New York

CLT 1013066v1

(the "Reconsideration Motion") [Docket no. 22]. The Court entered an order on December 4, 2006 dismissing Plaintiffs' claims against all defendants (the "Dismissal Order") [Docket no. 20]. Plaintiffs do not seek reconsideration of the Dismissal Order with regard to their affirmative claims against the defendants, but only with regard to their "recoupment defenses" against defendants Select Portfolio Servicing, Inc. ("SPS") and Bank of New York, as Trustee for the holders of the EQCC Asset Based Certificates, Series 2001-2 ("BONY").

## FACTS

1. On July 10, 2000, the plaintiffs obtained a first loan from Southstar Funding in the amount of $105,000.00, secured by a first mortgage on their residence. The mortgage loan refinanced a prior mortgage on the plaintiffs' home.

2. In connection with the mortgage loan transaction, Southstar charged and collected the following fees from the plaintiffs, which are reflected on the U.S. Department of Housing and Urban Development Settlement Statement:

| | |
|---|---|
| Loan Origination Fee | $4,212 |
| Loan Discount Fee | $1,053 |
| Administrative Fee | $495 |
| Flood Certification | $25 |
| Appraisal Review | $100 |

3. Southstar assigned the mortgage loan to BONY, who is the current owner of the note and deed of trust executed in July 2000 by the plaintiffs. SPS is the agent for BONY and servicer of the note and deed of trust.

4. The plaintiffs filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on July 7, 2006, and commenced this adversary proceeding on October 3, 2006.

5. In their Complaint, the plaintiffs allege that Southstar violated North Carolina usury laws N.C. Gen. Stat. §§ 24-1.1E and 24-10.2(c) at the time it originated the loan to the plaintiffs by (a) closing the loan without the plaintiffs having obtained the necessary counseling

2

on the advisability and appropriateness of the loan transaction; (b) financing certain fees in connection with the closing of the loan; and (c) engaging in the practice of loan "flipping." Plaintiffs assert that these acts constitute unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.  Plaintiffs contend that BONY is liable on these same claims because it "collected usurious interest", and they argue that BONY and SPS are liable for reformation of the loan terms.  Finally, Plaintiffs also assert claims against all three defendants for recoupment.

## **CONCLUSIONS OF LAW**

6.    The Court previously held that Plaintiffs' affirmative claims under N.C.G.S. §§ 24-1.1E and 75-1.1, as well as their claims for declaratory relief under N.C.G.S. § 24-2 were barred by the applicable statutes of limitation.  In the Dismissal Order, the Court relied upon, among other cases, the North Carolina Court of Appeals decisions in Shephard v. Ocwen Federal Bank, FSB, 172 N.C. App. 475, 617 S.E.2d 61 (2005) and Skinner v. Preferred Credit, 172 N.C. App. 407, 616 S.E.2d 676 (2005).  The Court notes that since the entry of the Dismissal Order, both Shephard and Skinner were affirmed by the North Carolina Supreme Court.  See Shephard, 2006 WL 3734194 (N.C. December 20, 2006); Skinner, 2006 WL 3734203 (N.C. December 20, 2006).  The Court reaffirms its dismissal of Plaintiffs' affirmative claims on the grounds stated in the Dismissal Order, which is incorporated herein by reference.

7.    In the Motion, Plaintiffs argue, however, that the Complaint was brought not only as an adversary proceeding to assert their affirmative claims, but also as an objection, pursuant to 11 U.S.C. § 502, to the secured proof of claim filed by SPS (as servicer for BONY).  [Claim no. 3, filed on July 31, 2006] (the "Proof of Claim").  The Plaintiffs point out that their claims in the Complaint are styled as both affirmative claims and as recoupment defenses to the Proof of Claim.  Plaintiffs argue that the Court erred in dismissing Plaintiffs' recoupment defenses because the defense of recoupment is "never barred by the statute of limitations so long as the

3

main action itself is timely." Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-01 (1935). Because a claim objection to the Proof of Claim is timely, Plaintiffs argue that their recoupment defenses are also timely and should not be dismissed.

8. In entering the Dismissal Order, the Court did not focus upon the matter as a claim objection, but solely as an adversary proceeding. Regardless of the procedural posture of the matter, however, the Court finds that additional grounds exist for dismissal of the Plaintiffs' recoupment defenses.

9. Plaintiffs' claims / recoupment defenses are brought under N.C.G.S. §§ 24-1.1E and 24-10.2 which provide, in relevant part:

> the *making* of [a loan in violation of this statute] is hereby declared
> usurious in violation of the provisions of this Chapter and unlawful
> as an unfair or deceptive act or practice in or affecting commerce
> in violation of the provisions of G.S. 75-1.1

N.C.G.S. § 24-1.1E(d); § 24-10.2(e) (emphasis added). In interpreting statutes, the Court must begin with the plain language, and "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." In re Sunterra Corp., 361 F.3d 257, 265 (4th Cir. 2004) (internal citations and quotations omitted).

10. Here, the language of both statutes is clear. It is only the "making" of a prohibited loan which violates the statutes. The later servicing or collection of interest on the loan by an assignee is not a violation of these statutes. See generally Baher Azmy, Squaring the Predatory Lending Circle: A Case for States as Laboratories of Experimentation, 57 Fla. L. Rev. 295, 363 (2005) (noting that the North Carolina law does not contain any provision for assignee liability). When the North Carolina legislature wanted to provide liability for actions occurring after the loan closing, it clearly knew how to do so. See N.C.G.S. § 24-2 (providing that the "taking, receiving, or charging a greater rate of interest than permitted by this chapter" is a

4

violation of the usury laws). The legislature chose not to include assignee liability in these statutes, and therefore, SPS and BONY cannot be liable under them by way of affirmative claims or recoupment defenses.

11. Not only is this result mandated by the clear language of the statutes, it is also supported by the North Carolina Court of Appeals decision in <u>Skinner</u>. In <u>Skinner</u>, plaintiffs asserted multiple claims against the assignees of notes and deeds of trust for alleged violations of the North Carolina Usury Statutes and Unfair and Deceptive Trade Practices Act. Plaintiffs' claims were based upon allegedly "excessive and illegal origination fees" and other allegedly unfair and deceptive practices associated with the making of the loans. Relying upon the 2003 case of <u>Melton v. Family First Mortgage Corp.</u>, 156 N.C. App. 129, 576 S.E.2d 365, <u>aff'd per curiam</u>, 357 N.C. 573, 597 S.E.2d 672 (2003), the <u>Skinner</u> court held that the purchaser of a mortgage note "who did not participate in alleged improprieties during the execution of the mortgage is not liable under N.C. Gen. Stat. § 75-1.1." 172 N.C. App. at 415, 616 S.E.2d at 681. There are no allegations that SPS or BONY participated in the closing of this loan, and the claims / recoupment defenses against them are therefore properly dismissed.

Wherefore, it is hereby ORDERED that the Plaintiffs' Motion is DENIED and the Plaintiffs' claims and defenses are DISMISSED.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of this Order.

United States Bankruptcy Court

5

CLT 1013066v1